UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MARK TUNNE,

                Plaintiff,

-against-

HUNTER COLLEGE *et al.*,
                Defendants.

18-cv-8428 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On February 8, 2019, the City University of New York ("CUNY") asked the Court to redact portions of several exhibits and declarations. Those portions contain the personal information of five individuals not involved in this litigation. Plaintiff did not oppose this request. For the reasons stated below, the Court grants the request.

    The Court's analysis is governed by a three-part test articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). That test requires the Court to (i) determine that the documents at issue are judicial in nature; (ii) decide the weight of the common law presumption of access; and (iii) balance that presumption against any competing considerations. *Id.* at 119-20.

    To start, the Court must determine if the documents are judicial in nature. To be a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995). "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.* Documents filed in support of or in opposition to motions are generally judicial. *See Lugosch*, 435 F.3d at 123 (finding documents in support of a motion for summary judgment to be judicial); *Bernsten v. O'Reilly*, 307 F. Supp. 3d. 161, 166 (S.D.N.Y. 2018) (finding documents in support of a motion to dismiss or compel

1

arbitration to be judicial); *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 14-CV-4394 (AJN), 2018 WL 739580, *18 (S.D.N.Y. Jan. 10. 2018) (finding documents in support of class certification to be judicial). Here, CUNY submitted the documents at issue to oppose Plaintiff's motion for a temporary restraining order. They were all attached as exhibits to declarations filed by CUNY. Because the documents were "submitted to the court as supporting material in connection with" a motion, *Lugosch*, 435 F.3d at 123, the Court finds that they are judicial. Judicial documents are afforded a presumption of public access. *Id.* at 119.

On the second prong, the Court must determine the weight of that presumption. The presumption is strongest for documents that form the bases of adjudication and "are used to determine litigants' substantive legal rights." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016). Because the documents here pertained to a pending motion, and were not merely "matters that come within a court's purview to insure their irrelevance," *Lugosch*, 435 F.3d at 119, the weight of the presumption is strong.

Proponents of sealing can nonetheless overcome the presumption on the third prong by showing that a compelling interest favors redaction. Here, CUNY argues that the Court should rebut the presumption because the documents implicate the privacy interests of third parties. Specifically, CUNY seeks to redact the names and personal information of the alleged victim of Plaintiff's actions, a witness to the conduct that gave rise to this litigation, and other individuals who, like Plaintiff, have had their access to CUNY institutions revoked. The Court takes the privacy of individuals not involved in the instant litigation seriously and errs towards protecting their interests. *See Royal Park Investments*, 2017 WL 1331288, at *11. The names, addresses, and phone numbers of these individuals are irrelevant to this litigation. CUNY's request is narrowly tailored to protect their privacy; it leaves all other information in this litigation public. The Court will therefore redact this information.

For the reasons above, Defendant's requests for redaction are GRANTED. The Court will file the documents on the public docket with these redactions.

SO ORDERED.

2

Dated: September __, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge